**AIR ATLANTA AERO ENGINEERING LIMITED, Plaintiff,**

v.

**SP AIRCRAFT OWNER I, LLC et al., Defendants.**

No. 08 Civ. 8852(VM).

United States District Court, S.D. New York.

Dec. 16, 2009.

---

Elliot E. Polebaum, Fried Frank Harris Shriver & Jacobson, LLP, Washington, DC, for Plaintiff.

Paul Stephen Hessler, Linklaters, New York, NY, for Defendants.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Air Atlanta Aero Engineering Limited ("AAAE") brought this action against defendants SP Aircraft Owner I, LLC, SP Aircraft Owner II, LLC, SP Aircraft Owner III, LLC (collectively, "Lessors"), and Ambac Assurance Corporation ("Ambac") (collectively, "Defendants"). On October 15, 2008, AAAE filed its initial complaint (the "Initial Complaint"), asserting claims against Defendants for breach of contract, account stated, unjust enrichment, quantum meruit, and promissory estoppel in connection with services AAAE rendered to non-party Air Horizons ("AH"). Defendants moved to dismiss AAAE's Initial Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"). By Decision and Order dated July 23, 2009, 637 F.Supp.2d 185 (the "Decision"),[1] the Court granted Defendants' motion to dismiss the Initial Complaint, but granted AAAE leave to replead.

On August 17, 2009, AAAE filed an amended complaint (the "Amended Complaint"), (1) repleading its claim for breach of contract against Defendants relating to agreements with the Lessors, dated April 29, 2005, (the "Lease Agreements"); (2) asserting a new claim for breach of contract against Defendants relating to a maintenance agreement, dated April 29, 2005, (the "Maintenance Agreement") based on Defendants' alleged agency rela-

tionship with non-party AH; and (3) repleading (only against Ambac) its account stated, unjust enrichment, quantum meruit, and promissory estoppel claims in connection with services AAAE rendered to AH. Defendants now move to dismiss AAAE's Amended Complaint pursuant to Rule 12(b)(6).

The Court has reviewed the Amended Complaint and the parties' submissions relating to Defendants' motion to dismiss the Amended Complaint. The Court has considered the arguments made in the parties' submissions. The Court concludes, as described below, that AAAE's new pleadings state plausible breach of contract claims while its quasi-contractual and account stated causes of action still fail to state claims upon which relief can be granted.

■ With regard to AAAE's breach of contract claim relating to the Lease Agreements, the Court finds Defendants' arguments unpersuasive. The Amended Complaint contains allegations sufficient to support a claim by AAAE as a third-party beneficiary to the Lease Agreements. The Amended Complaint also plausibly alleges that AH was in compliance with its contractual obligations and not in breach of the Lease Agreements, thus satisfying the conditions precedent to the Lessors' obligations to perform.

AAAE also states a plausible claim to pierce the corporate veil between the Lessors and Ambac. The Amended Complaint alleges Ambac's complete domination and control of the Lessors in the transaction at issue. (*See* Amended Complaint ¶¶ 10, 13–14, 16, 18, 25.) It further alleges that Ambac used that domination

---

1. The Decision is reported as *Air Atlanta Aero Engineering, Ltd. v. SP Aircraft Owner I, LLC,* 637 F.Supp.2d 185 (S.D.N.Y.2009).

and control to commit a wrong by, for example, causing the sale of the sole assets of the Lessors, receiving the proceeds from those sales, and then leaving the Lessors with no assets with which to compensate AAAE. Accordingly, Defendants' motion to dismiss the breach of contract claim relating to the Lease Agreements is DENIED.

With regard to AAAE's breach of contract claim relating to the Maintenance Agreement, the Court finds Defendants' arguments unpersuasive. The Amended Complaint adequately alleges an agency relationship between Defendants and AH relating to the Maintenance Agreement sufficient to survive a motion to dismiss. (*See e.g.,* Amended Complaint ¶¶ 12–16, 22.) Accordingly, Defendants' motion to dismiss the breach of contract claim relating to the Maintenance Agreement is DENIED.

With regard to the quasi-contractual claims against Ambac of unjust enrichment, quantum meruit, and promissory estoppel, the Court finds, consistent with the reasoning of the Court's Decision, that AAAE does not state a plausible claim. For example, AAAE still fails to allege that the contracts at issue—contracts that arise out of the same subject matter as the quasi-contractual claims—are invalid or unenforceable. Accordingly, Ambac's motion to dismiss the quasi-contractual claims is GRANTED.

With regard to AAAE's account stated claim against Ambac, the Court similarly finds, consistent with the reasoning set forth in the Decision, that AAAE still does not state a plausible claim. For example, AAAE still fails to plausibly allege Ambac's indebtedness to AAAE outside of the Lease Agreements and the Maintenance Agreement. Accordingly, Ambac's motion to dismiss the account stated claim is GRANTED.

*ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 24) of defendants SP Aircraft Owner I, LLC, SP Aircraft Owner II, LLC, SP Aircraft Owner III, LLC, and Ambac Assurance Corporation to dismiss the complaint is DENIED in part and GRANTED in part; and it is further

**ORDERED** that the Clerk of the Court is directed to reopen this case; and it is finally

**ORDERED** that the parties are directed to confer and develop a case management plan to be submitted to the Court at the initial conference in this case, which shall be held on January 29, 2010 at 3:30 pm.

**SO ORDERED.**